UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLENE Y. ISHMAEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:10-cv-694 |
| ) | JURY DEMAND (12) |
| SUPPORT SOLUTIONS OF THE ) | DISTRICT JUDGE NIXON |
| MID-SOUTH LLC, individually and ) | MAGISTRATE JUDGE GRIFFIN |
| d/b/a SUPPORT SOLUTIONS OF ) | |
| TENNESSEE, ) | |
| ) | |
| Defendants. ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16.01 (d), an Initial Case Management Conference was conducted by Magistrate Judge Juliet Griffin on August 30, 2010. The following Initial Case Management Plan is adopted.

1. Jurisdiction:

The Plaintiff filed a Complaint in the United States District Court for the Middle District of Tennessee on or about July 21, 2010. The Defendant, Support Solutions of the Mid-South LLC, individually and d/b/a Support Solutions of Tennessee, was served with the Complaint on or about August 3, 2010. The Plaintiff is a citizen and resident of Nashville, Davidson County, Tennessee. Defendant is a domestic corporation authorized to be and doing business in Nashville, Davidson County, Tennessee, where the allegations set forth in this complaint occurred. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

2. Plaintiff's Theory of the Case:

The Plaintiff was hired by the Defendant on or about June 15, 2009. On or about September 22, 2009, the Plaintiff was injured while caring for a patient in the course and scope of her employment. Plaintiff followed all proper procedures in reporting and seeking treatment for her injuries and was placed on restrictions by the authorized physician. The Defendant refused to accommodate Plaintiff's

restrictions and harassed Plaintiff about missing work to attend physical therapy and physician appointments related to her work injuries. The Defendant accused Plaintiff of manufacturing her injuries and taking advantage of the situation to miss work. The Defendant then refused to allow Plaintiff to return to work when she was ready, willing and able to perform the essential functions of her job. Plaintiff was terminated approximately one week after she sustained work related injuries. Plaintiff has alleged that she was wrongfully terminated in retaliation for pursuing workers' compensation benefits, or as a result of a disability or perceived disability. Plaintiff avers her disability did not prevent her from performing the essential functions of her job. Plaintiff's reasonable requests for accommodation and transfer were denied. Complaints about the Plaintiff's job performance surfaced only after she was injured on the job and are merely a pretext. The actual reason for Plaintiff's termination was illegal motivation. The Plaintiff seeks damages for lost pay, emotional damages, attorney's fees and punitive damages as more fully enumerated in her Complaint.

3. Defendant's Theory of the Case:

Support Solutions provides services in middle and west Tennessee for persons with severe and persistent mental illness, including providing high quality supervision and housing. Support Solutions is licensed by the Tennessee Department of Mental Health and Developmental Disabilities, Division of Intellectual Disabilities Services ("DIDS") for supported living, respite care, adult habilitation, personal support services, residential habilitation, employment services and behavioral support services.

Plaintiff was hired on June 15, 2009 and began training to go into the homes of adults who have intellectual and mental disabilities ("service recipients") and sit with them in their homes. She was initially hired to perform these services part-time, or on an "as needed" basis. Plaintiff had performed this type of work before for other employers. In September, 2009, Plaintiff had been reassigned to a different service recipient. The new job was also temporary, and was to last until September 30, 2009. Plaintiff's duties included sitting with the service recipient, watch television with her, keep her company, and give her verbal prompting and encouragement as needed. The service recipient is able to care for herself: cook, clean and bathe. Thus, the job is light duty.

Plaintiff worked about 30 hours weekly. There were about four other staff members who assisted with the 24/7 care of this person. This particular service recipient did not require more than one staff member at all times, but only one staff member while the service recipient was awake and another as needed, which would typically be during the service recipient's rising time. At all times when the service recipient was sleeping at night, there would only be one staff member present. Generally then, Plaintiff would be alone with this service recipient about 30% to 50% of the time.

On September 22, 2010, Plaintiff alleged that she received an injury to the lower back, rear and left leg when she was shoved by the service recipient. The next day, Plaintiff was seen by a physician who placed her on light duty. On September 22, 23, 24, 25, 28 and 30, 2009, Plaintiff worked between 8 and 12 hours daily. Plaintiff states in her complaint, at Paragraph 36, that she was released from any work restrictions by her physician on October 7, 2009. Thus, her "disability" was temporary and only lasted 14 days. Therefore, Plaintiff is not a person with a disability as defined by the ADA. Further, even though an accommodation was not necessary because Plaintiff's work was light duty to begin with, there is no obligation to make an accommodation for a person not covered by the ADA. Nor is there an obligation to make an accommodation under the Tennessee Disability Act. Additionally, Plaintiff suffered no adverse employment action which is an essential element of each of her claims.

Plaintiff will not be able to show any retaliation regarding her workers' compensation claim. The proof will show that, although Plaintiff knew before she started working her temporary assignment that it would end on September 30, 2009, Plaintiff stormed into Defendant's place of business in a fit of rage demanding to know why she could not return to work at the service recipient's home after September 20, 2009. Since that time, Defendant has called Plaintiff numerous times and sent Plaintiff letters to get her to return to work since temporary jobs were available. Plaintiff refused to answer Defendant's calls, didn't return the calls, nor respond to the letters. Thus, Plaintiff was never terminated. She quit. Even as late as March and April, 2010, Defendant sent letters to Plaintiff to have her attend CPR training which is necessary to maintain her ability to work

with Defendant's special needs clients. Plaintiff failed to respond to any correspondence. Thus, Plaintiff will not be able to prove all necessary elements of a claim of retaliatory discharge for asserting a workers' compensation claim. It appears that none of Plaintiff's causes of action will survive a summary judgment.

4. Identification of the issues:

Jurisdiction and Venue have been resolved; Liability and Damages remain unresolved.

5. The parties do not anticipate a need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:

6. Initial Disclosures and Staging of Discovery:

The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within thirty days of the Initial Case Management Conference, which is set for August 30, 2010 – specifically by September 29, 2010.

The parties shall complete all written discovery and depose all fact witnesses on or before January 27, 2011. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith.

7. Dispositive Motions:

The parties shall file all dispositive motions on or before March 14, 2011. Responses to dispositive motions shall be filed within twenty-eight (28) days after electronic filing, April 11, 2011. Optional replies shall be filed within fourteen (14) days after electronic filing, April 25, 2011. If dispositive motions are filed early, the response and reply dates are moved up accordingly. The motion and response memorandum are limited to twenty-five (25) pages and the reply, if a reply is filed, is limited to five (5) pages, absent court permission for longer memorandum.

8. Other Deadlines:

Motions to Amend: The parties shall file all Motions to Amend on or before November 1, 2010.

Disclosure of Experts: The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before November 1, 2010. The defendant shall identify and disclose all

expert witnesses and reports on or before <u>December 1, 2010</u>.

Depositions of Expert Witnesses: The parties shall depose all expert witnesses on or before <u>January 27, 2011</u>.

9. Alternate Dispute Resolution:

At this time, the parties do not know if alternate dispute resolution is appropriate. A subsequent telephonic case management conference is to be initiated by Plaintiff's counsel on or about January 14, 2011 to determine whether this case can be resolved without further court proceedings. The parties shall also discuss during the telephonic case management conference whether one of the alternative dispute resolution procedures under the Local Rules would further assist the parties in resolving this matter.

10. Target Trial Date:

The parties request a jury trial and expect the trial to last approximately three (3) days. The parties further request a target trial date of <u>October 4, 2011</u>.

It is so ORDERED.

Magistrate Judge Juliet Griffin

Approved for entry:

LAW OFFICE OF DONALD D. ZUCCARELLO

/s/ Nina Parsley
Donald D. Zuccarello, [BPR No. 15092]
Nina Parsley [BPR No. 23818]
3209 West End Avenue
Nashville, Tennessee 37203
(615) 259-8100
(615) 259-8108 Facsimile
*Attorneys for the Plaintiff*


SCRUGGS & LAND, PLLC

/s/ Jeffrey A. Land, with permission by Nina Parsley
Jeffrey A. Land, [BPR No. 15835]
P. O. Box 120342
Nashville, TN 37212
(901) 335-7228
(901) 328-5755 Facsimile
*Attorney for the Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system:

Jeffrey A. Land, Esq.
Scruggs & Land, PLLC
P. O. Box 120342
Nashville, TN 37212

/s/ Nina Parsley
Nina Parsley