IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLENE Y. ISHMAEL ) | |
| ) | |
| v. ) | No. 3-10-0694 |
| ) | |
| SUPPORT SOLUTIONS OF THE MID- ) | |
| SOUTH LLC, individually and d/b/a ) | |
| Support Solutions of Tennessee ) | |

O R D E R

By contemporaneously entered order, the Court has approved and entered the parties' initial case management order, with minor modifications addressed at the initial case management conference held on August 30, 2010. Those modifications and other matters addressed on August 30, 2010, are as follows:

1. Because the parties anticipate little or no discovery of electronically stored information, they are exempted from the provisions of Administrative Order No. 174, entitled "Default Standard for Discovery of Electronically Stored Information ('E-Discovery')," entered July 9, 2007.

2. Counsel for the parties shall convene a telephone conference call with the Court on **Friday, January 14, 2011, at 10:00 a.m.,** to be initiated by plaintiff's counsel, to address the status of the case, the potential for settlement, propriety of ADR, and any other appropriate matters.

3. As provided in the contemporaneously entered order, all discovery, including written discovery, shall be completed by January 27, 2011. That means that any written discovery shall be served in sufficient time so that the responses will be in hand by January 27, 2011.

4. Any discovery motions shall be filed by January 28, 2011.

5. Any dispositive motion shall be filed by March 14, 2011. Any response shall be filed within 28 days of the filing of the motion or by April 11, 2011, if the motion is filed on March 14,

2011. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by April 25, 2011, if the response is filed on April 11, 2011.

No other filings in support of or in opposition to any dispositive motion shall be made except with the express permission of the Honorable John T. Nixon.

There shall be no stay of discovery before the January 27, 2011, deadline for completion of all fact and expert discovery even if a dispositive motion has been filed prior thereto.

In consultation with Judge Nixon's office, a jury trial is scheduled to begin on **Tuesday, October 4, 2011, at 9:00 a.m.,** in Courtroom 774, U.S. Courthouse, 801 Broadway, Nashville, TN. The parties estimate that the trial will last approximately three (3) days.

The parties are directed to contact Ms. Mary Conner, courtroom deputy to Judge Nixon, by 12:00 noon on Friday, September 30, 2011, if this case has settled. Failure to provide such notification in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys, including but not limited to the costs of summoning the jurors.

The pretrial conference is also scheduled before Judge Nixon, on **Friday, September 23, 2011, at 10:00 a.m.,** in Chambers, 770 U.S. Courthouse.

By August 22, 2011, counsel shall advise opposing counsel of those portions of any depositions to be read to the jury or those portions of video depositions to be viewed by the jury, in accord with Local Rule 32.01(b) and Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By September 2, 2011, the parties shall file any motions in limine, any <u>Daubert</u> motions and/or motions relating to expert testimony, any evidentiary objections to deposition testimony, in accord with Local Rules 32.01(b) and 39.01(d)(1) and Rule 26(a)(3)(B), and any objections to proposed exhibits in accord with Rule 26(a)(3)(B).

Any responses to such motions in limine, any responses to any <u>Daubert</u> motions and/or motions relating to expert testimony, and any responses to objections to deposition testimony and proposed exhibits shall be filed by September 16, 2011.

By September 16, 2011, the parties shall also:

1. Submit a proposed joint pretrial order;[1]
2. Exchange their final lists of witnesses and exhibits;
3. File their respective final witness and exhibit lists;
4. File a listing of all agreed stipulations; and
5. File proposed jury instructions, any special interrogatories, and any special verdict forms.

A deadline for filing pretrial briefs will be established at the pretrial conference, if appropriate.

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[1] The pretrial order shall contain (1) a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings; (2) a short summary of the plaintiff's theory (no more than one page); (3) a short summary of the defendant's theory (no more than one page); (4) the issues to be submitted to the Court and the jury; (5) any anticipated evidentiary issues; and (6) a statement that the parties have complied with the provisions of this order.